IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SEAN ARNOLD, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 17-CV-79-SMY-RJD ) |
| KIMBERLY BUTLER, S.A. GODINEZ, TERRI ANDERSON, M. HOF, WEXFORD HEALTH SERVICES, INC., JOHN DOE, and JACQUELINE LASHBROOK, | ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Reona J. Daly (Doc. 123), recommending that the Motion for Summary Judgment filed by Defendant Wexford Health Services, Inc. (Doc. 98) be granted, the Motion for Summary Judgment filed by Defendants Anderson, Butler, Godinez, Hoff, and Lashbrook (Doc. 105) be granted, and the Motion to Strike filed by Wexford (Doc. 120) be granted. Defendants Anderson, Butler, Godinez, Hof, and Lashbrook filed a timely objection (Doc. 125) to which Arnold responded (Doc. 128). For the following reasons, Judge Daly's Report is **ADOPTED.**

### Background

Plaintiff Sean Arnold filed a Complaint pursuant to 42 U.S.C. § 1983, alleging Defendants failed to protect him and were deliberately indifferent to his medical needs, in violation of the Eighth Amendment. Arnold's claims relate to his incarceration at Menard Correctional Center from October 22, 2014 to July 7, 2015. Pursuant to an Amended Complaint, he is proceeding on

the following claims:

> **Count 1** – Butler failed to protect Plaintiff from a violent attack by his cellmate in violation of the Eighth Amendment after receiving a grievance notifying her of potential danger to Plaintiff.
>
> **Count 2** – Godinez and Anderson failed to protect Plaintiff from a violent attack by his cellmate in violation of the Eighth Amendment by denying a grievance from him requesting protective custody.
>
> **Count 3** – Hof and John Doe 2 failed to protect Plaintiff from a violent attack by his cellmate after Plaintiff informed them of the danger he faced, in violation of the Eighth Amendment.
>
> **Count 4** – Wexford showed deliberate indifference to Plaintiff's serious medical need involving injuries to his head in violation of the Eighth Amendment.

(Doc. 10). Defendants, except John Doe 2 who Arnold has not identified, moved for summary judgment (Doc. 98 and 105). Arnold filed responses (Docs. 114, 115, 12, and 122). Defendant Wexford filed a reply and Motion to Strike Exhibit B (Doc. 120) to which Arnold did not respond.

Judge Daly issued a Report setting forth the applicable law and her conclusions (Doc. 123). She concluded that Defendants Butler, Godinez, Anderson, and John Doe 2 are entitled to summary judgment because there is no evidence that they were aware of and disregarded a known hazard to Plaintiff's health and safety, that there is no evidence a Wexford policy or procedure violated Arnold's constitutional rights, and that a question of fact exists which precludes summary judgment on Arnold's claim that Hof failed to protect him. Finally, Judge Daly recommends that Arnold's affidavit and accompanying exhibits be stricken for failure to sign the affidavit and produce the documents in discovery.

## **Legal Standard**

Since Defendants filed an objection, this Court must undertake a *de novo* review of Judge Daly's findings and recommendations. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). De novo review

the following claims:

> **Count 1** – Butler failed to protect Plaintiff from a violent attack by his cellmate in violation of the Eighth Amendment after receiving a grievance notifying her of potential danger to Plaintiff.
>
> **Count 2** – Godinez and Anderson failed to protect Plaintiff from a violent attack by his cellmate in violation of the Eighth Amendment by denying a grievance from him requesting protective custody.
>
> **Count 3** – Hof and John Doe 2 failed to protect Plaintiff from a violent attack by his cellmate after Plaintiff informed them of the danger he faced, in violation of the Eighth Amendment.
>
> **Count 4** – Wexford showed deliberate indifference to Plaintiff's serious medical need involving injuries to his head in violation of the Eighth Amendment.

(Doc. 10). Defendants, except John Doe 2 who Arnold has not identified, moved for summary judgment (Doc. 98 and 105). Arnold filed responses (Docs. 114, 115, 12, and 122). Defendant Wexford filed a reply and Motion to Strike Exhibit B (Doc. 120) to which Arnold did not respond.

Judge Daly issued a Report setting forth the applicable law and her conclusions (Doc. 123). She concluded that Defendants Butler, Godinez, Anderson, and John Doe 2 are entitled to summary judgment because there is no evidence that they were aware of and disregarded a known hazard to Plaintiff's health and safety, that there is no evidence a Wexford policy or procedure violated Arnold's constitutional rights, and that a question of fact exists which precludes summary judgment on Arnold's claim that Hof failed to protect him. Finally, Judge Daly recommends that Arnold's affidavit and accompanying exhibits be stricken for failure to sign the affidavit and produce the documents in discovery.

## **Legal Standard**

Since Defendants filed an objection, this Court must undertake a *de novo* review of Judge Daly's findings and recommendations. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). De novo review

requires the district judge to "give fresh consideration to those issues to which specific objections have been made" and make a decision "based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Id.* Consistent with these standards, the Court has reviewed Judge Daly's Report de novo.

**Factual Background**

As the parties do not dispute the facts set forth in Judge Daly's Report, they are incorporated herein. The following highlighted facts are relevant to the limited objection made by Defendants: A few days after Arnold was transferred to Menard, he was housed in the segregation unit with another inmate named Reliford. While they initially did not have problems, within a few days, Reliford asked other inmates to attack Arnold and told him that "he was going to fuck [him] up his self" on October 26, 2014.

The next day, Arnold sent a request slip to internal affairs to be separated from Reliford. The slip stated:

> I am housed with inmate Reliford, who I have a sexual assault case on his cousin. He has told members of his gang to attack me on sight and I believe he will attack me in this cell. Please move me to another cell. Thank you.

(Doc. 1-1, p. 3). The request was denied with a "staff remark" that "Inmate Reliford is not listed as an enemy" (*Id.*). In the "print staff name" section, "M. Hof # 9467" is printed along with a signature that appears to be Hof's. Hof denies that he filled out the staff remark section or signed the document (Doc. 106-4, p. 1). There were no further incidents between Arnold and Reliford who was released from segregation on November 19, 2014.

When Arnold was released from segregation on December 29, 2014, he immediately sought protective custody. That request was ultimately denied by Warden Butler whose decision was affirmed by Administrative Review Board through Terri Anderson and Director Godinez.

On February 13, 2015, Arnold was placed in a cell with inmate Ware. That same day, Arnold submitted another request slip to internal affairs:

> My cellmate inmate Ware has threatened to kill me because of my case on his friends Reliford's cousin. They are Gangster Disciple (GD's) and he said there is a hit out on me.

(Doc. 1-1, p. 4). The remarks state that Ware is not on Arnold's "enemies" list and Hof's name is printed along with a signature that appears to be his. Hof again denies writing and signing the document (Doc. 106-4, p. 1). The slip appears to be signed on either February 13 or 15, 2015.

On February 14, 2015, Arnold was assaulted by Ware. He suffered two small stab wounds on his forehead and cheek, a split lip, an abrasion on his neck, and a loose bottom tooth. He was given medical care, although there is some dispute as to whether he requested and received treatment for headaches. Arnold had no other interaction with Ware or Hof and was transferred from Menard on July 7, 2015.

### **Legal Standard**

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is filed, the

adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). When deciding a summary judgment motion, the Court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted). Summary judgment will be denied where a reasonable jury could return a verdict for the non-moving party. *Anderson*, 477 U.S. at 248; *Hedberg v. Indiana Bell Tel. Co.*, 47 F.3d 928, 931 (7th Cir.1995).

## Discussion

Hof contends Judge Daly erred in concluding there is a question of fact as to his knowledge of impending harm. He argues there is no evidence that he "received, reviewed, or responded to Plaintiff's Offender Request dated February 13, 2015" (Doc. 125). Yet, there is a slip denying protection that appears to be filled out and signed by Hof. That slip is evidence that Hof read Arnold's request for assistance and denied the same merely because Ware was not on his enemies' list.

Prison officials have a duty to "take reasonable measures to guarantee the safety" of prisoners and protect them "from violence at the hands of other prisoners." *Brown* v. *Budz*, 398 F.3d 904, 909 (7th Cir. 2005). Based on the slip, a jury could find that Arnold was in imminent danger and that Hof did nothing more than to determine if Ware was on his enemies' list. Thus, a reasonable jury could conclude that Hof was deliberately indifferent to Arnold's health and safety. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("We hold instead that a prison official cannot

be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.").[1]

## Conclusion

For the foregoing reasons, Judge Daly's Report and Recommendation is **ADOPTED in its entirety.** Accordingly, Defendant Wexford Health Services, Inc.'s Motion for Summary Judgment is **GRANTED** (Doc. 98), Defendants Anderson, Butler, Godinez, Hof, and Lashbrook's Motion for Summary Judgment is **GRANTED in part and DENIED in part** (Doc. 105), and Wexford's Motion to Strike is **GRANTED** (Doc. 120). The Clerk of Court is **DIRECTED** to enter judgment in favor of Defendants Wexford, Anderson, Butler, Godinez, Lashbrook, and John Doe 2 at the close of this case.

This matter shall proceed to trial on Count 3 against Defendant Hof for failure to protect Plaintiff from a violent attack by his cellmate, in violation of the Eighth Amendment.

**IT IS SO ORDERED.**

**DATED: September 3, 2019**

*[signature]*

**STACI M. YANDLE**
**United States District Judge**

---

[1] Hof also argues that he may have additional new evidence to present. Such evidence is not before the Court and will not be considered.